# The Polish Falcons' Gymnastic & Literary Association, et al., *v.* Kubiak, et al., Appellants.

*Fraternal societies—Affiliation with parent body—Withdrawal of funds and property—Rights of minority—Equity jurisdiction—Injunction—Corporations not for profit.*

1. A Polish gymnastic and literary society, the plaintiff, was formed in the County of Allegheny as a subordinate division of a superior body called the Polish Falcons' Alliance of the United States of America; subsequently a majority of the plaintiff body, which had become incorporated under the laws of Pennsylvania as a corporation of the first class, sought to withdraw it from its alliance with the parent organization, and to take with them the funds, property and paraphernalia of the society. *Held,* equity would restrain such action by injunction.

2. The majority of a subordinate branch of a larger body cannot, against the will of the minority withdraw from the parent association and take with them the property of said subordinate branch.

*Practice Supreme Court—Appeals—Assignments of error.*

3. An assignment of error specifying merely that the court erred "in dismissing exceptions to the findings of the court below," is erroneous because it does not set forth the exceptions and involves more than one point.

4. An assignment of error stating that "the court below erred in granting the injunction," but not setting out the decree, is not in proper form.

Argued Oct. 25, 1912. Appeal, No. 53, Oct. T., 1912, by defendants from decree of C. P. No. 2, Allegheny Co., Oct. T., 1910, No. 221, awarding an injunction in the case of The Polish Falcons' Gymnastic and Literary Association, a corporation; Stanislaus Gawronski, President; Frank Bubacz, Vice President; Matthew Budzynski, Corresponding Secretary; Frank Majchrzak, Financial Secretary; Anton Derringer, Treasurer; John Kwapiszewski, Frank Geppert and Frank Posluszny, Trustees; and Stanislaus Letki, Instructor; Frank Lieder, Stephen Korsak and Joseph Wroblewski, in be-

half of themselves and all others interested, v. Frank X. Kubiak, S. S. Jasinski, T. A. Starzynski, Frank Szybatka, Ludwig Haduch, Andrew Curzytek, Ksawery Jurewicz, B. W. Woshner.  Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.  Affirmed.

Bill in equity for an injunction.  Before SHAFER, J.

The facts are stated in the opinion of the Supreme Court.

The court ordered an injunction restraining defendants from appropriating the funds and personal property of the plaintiff association.  Defendants appealed.

*Error assigned,* among others, was decree of the court.

*F. A. Piekarski,* for appellants.

*W. J. Brennen,* for appellees.

OPINION BY MR. JUSTICE POTTER, January 6, 1913:

This was a bill in equity filed by a corporation, The Polish Falcons' Gymnastic and Literary Association of Pittsburgh, and certain persons described as officers of the association against Frank X. Kubiak and seven other defendants.  The bill averred that plaintiffs were members in good standing of the association, which was a corporation of the first class organized under the laws of Pennsylvania, on September 26, 1897, under the name of The Polish Falcons Adam Mickiewicz.  That on March 6, 1898, the association became a subordinate division or nest of the Polish Falcons' Alliance of the United States of America, and in the year 1901 was given the name "Polish Falcons Adam Mickiewicz Nest No. 8," and continued to be such subordinate division or nest until 1905, when the Polish Falcons' Alliance united with the Polish National Alliance and the various Falcons' Nests became part of the latter organization; that the Polish National Alliance was a patriotic Polish so-

ciety with insurance rights and privileges; that the uniting of the Polish Falcons' Alliance with the Polish National Alliance was not intended to interfere, and did not interfere, with the objects and regulations of the former body; that the purpose of the union was patriotic and fraternal. That on February 20, 1910, at a meeting of the local association, a motion to withdraw from the Polish Falcons' Alliance of the United States was made and carried by a majority of those present. At a subsequent meeting a resolution to reconsider and disapprove this action was declared lost by the officers, although it was alleged to have been signed in writing by a majority of the lawful membership of the association. It was further alleged that the defendants had taken possession of the real estate, and the funds and personal property and paraphernalia of the association, without right, and that they refused to recognize the parent body of the association, the Polish National Alliance of the United States. The bill prayed for an injunction to restrain defendants from depriving plaintiffs of the possession of the real estate, and from using or diverting any of the funds or property of the association.

The court below found the facts to be substantially as set forth in the bill, and found that in the year 1902, the local society was incorporated by the Court of Common Pleas of Allegheny County, under the name of the Polish Falcons' Gymnastic and Literary Association, but that no meeting of the corporation was held distinct from the officers of that nest. When the nest purchased land for its use, the title was taken in the corporate name, but the purchase money was paid by the nest. The Polish Falcons' Gymnastic and Literary, Association of Pittsburgh is but another name for Polish Falcons' Adam Mickiewicz Nest No. 8, and there are not, and it was never intended there should be, two separate organizations. It is provided by the by-laws or model rules of the nests, that a nest cannot disband

so long as there are five members willing to maintain it, and that in case of disbandment all funds and property rights shall pass to the Polish Falcons' Alliance of the United States. The contention of the plaintiffs was sustained by the court below, and an injunction was awarded, as prayed for. Exceptions were filed by defendants which were dismissed, and a final decree was entered awarding an injunction. Defendants have appealed and filed two assignments of error.

The first error assigned is "dismissing exceptions to the finding of the court below." This assignment is defective in not setting forth the exception, the dismissal of which is alleged to be error. It is also in violation of Rule 26, which requires each error relied on to be specified particularly, and by itself. In the second assignment it was probably intended to allege error in the final decree, but the decree itself is not set forth, the assignment being merely that "the court below erred in granting the injunction."

Counsel for appellant, in his argument, admits a clearly established principle of law when he says, "It is admitted that a majority of a subordinate branch of a larger body cannot, against the will of the minority, secede from the parent organization and take with them the property of said subordinate branch, but it is submitted as a fact that no secession exists here." He then contends that when the Polish Falcons' Alliance united with the Polish National Alliance and the local association became a group of the latter organization, it ceased to have any connection with the former one. This is, however, contrary to the seventh finding of fact by the trial judge, in which he found that when the Polish Falcons' Alliance became associated with the Polish National Alliance, the former body preserved in all respects the management of its internal affairs; the relations between the two being set out in Article XV of the constitution of the Polish Falcons' Alliance, which provides expressly, in Section 1, that that asso-

ciation merely "became a subordinate body of the Polish National Alliance"; and in Section 4, that "The Polish Falcons' Alliance as an athletic and gymnastic organization, shall possess full and complete autonomy in all matters pertaining to its specific idea as well as to its finances." From the entire article, the intention clearly appears that the local associations are to be at the same time nests of the Polish Falcons' Alliance and groups of the Polish National Alliance. Section 6 gives the former body the right to appoint one of the directors of the latter, in order "to provide for the Falcons' interests with a special representative and initiative." In the light of these provisions there seems to be nothing upon which to base the assertion of counsel for appellant, that "The Polish Falcons' Alliance has ceased to exist and the Polish National Alliance is the only organization in authority over its various branches." The language of the resolution adopted Feb. 20, 1910, in the local association, is in itself a recognition of the fact of the existence of the Polish Falcons' Alliance in that it contemplates a withdrawal from that alliance. And it was also expressly admitted in the argument that this local association was a part of the Polish National Alliance and the Polish Falcons' Alliance up until Feb. 20, 1910, the date of the secession.

The principle of law governing such a situation is not disputed. It was illustrated in Hochreiter's App., 93 Pa. 479, a case which involved the control of an unincorporated society. Mr. Justice MERCUR there said (p. 484): "They (plaintiffs) claim the society adopted the general constitution of the 'Central Society.' If that pretended amendment or adoption is invalid, they have no standing to take the funds out of the hands of the minority who adhere to the society from which the others have seceded. If the appellees have, contrary to the constitution and government of the society to which they all belonged, severed their connection therewith, they cannot invoke the aid of a court of

equity to take the property of the society from those who adhere to the organization, objects and government of the society." He then cites the case of Sutter v. Reformed Dutch Church Trustees, 42 Pa. 503, the syllabus of which reads: "A majority of a church congregation may direct and control in church matters consistently with the particular and general laws of the organism or denomination to which it belongs, but not in violation of them." The trial judge very properly applied this settled principle to the facts of this case, as he found them to be.

The assignments of error are overruled, and the decree of the court below is affirmed, at the cost of appellants.